**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARQUITA BROWN** **CIVIL ACTION**

**v.** **NO: 26-1238**

**BRICOLAGE ACADEMY, ET AL.** **SECTION: C (3)**

**ORDER AND REASONS**

The Purported Defendants' Motion for a More Definite Statement (R. Doc. 12), filed September 30, 2026, is before the court.[1] The motion is **GRANTED**.

# I. BACKGROUND

## A. Brown's Complaint[2]

Plaintiff, Marquita Brown, sues Bricolage Academy, Dr. Edward Brown, and Tiffany is al, alleging employment discrimination on the basis of race, color, and gender/sex.[3] Ms. Brown contends she was issued a right to sue letter on March 13, 2026 following the exhaustion of administrative remedies.[4] Ms. Brown alleges she, an African-American female, began working at Bricolage in June 2025.[5] She avers that Dr. Brown, a manager in Ms. Brown's department, acted inappropriately on several occasions, including commenting on her workplace attire, fondling himself

[1] The motion is not opposed.
[2] Plaintiff initially proceeded *in forma pauperis* and *pro se*. On October 29, 2026, counsel enrolled to represent plaintiff in this matter.
[3] R. Doc. 1 at 1–4. The court notes Bricolage is listed only in the caption of Brown's complaint, while Narvil is named only in the list of defendants.
[4] *Id.* at 5. The letter is attached to Brown's complaint as R. Doc. 1-1.
[5] *Id.* at 9 ¶¶ 9–10.

in her presence, and measuring the length of her dress.[6] Ms. Brown contends she is a member of a protected class and that, as a result, defendants violated Title VII through their employment discrimination against her.[7] Ms. Brown attaches summonses that were issued, including to Bricolage[8] and Dr. Brown.[9]

**B. Defendants' Motion**

In their motion, defendants (who identify as "purported") argue Ms. Brown's complaint is so vague and ambiguous that they cannot reasonably prepare a responsive pleading.[10] Defendants argue the references to "defendants" are not clear, there are no direct and specific allegations of discrimination based on Ms. Brown's race, color, or gender/sex, and the complaint does not specify the dates on which the alleged conduct occurred, any discipline or adverse employment action, any disparate treatment, who made any such decisions, or the statutory bases beyond Title VII on which relief is sought.[11] Defendants also argue service on Bricolage was improper, as Dr. Brown, not Ms. Narvil is the registered agent of service of process for Bricolage.[12] Defendants note Bricolage does not waive formal service.[13]

---

[6] *Id.* ¶ 11.
[7] *Id.* at 10 ¶¶ 12–13.
[8] R. Doc. 1-2. The summons states "C/O Tiffany Narvil Director" as the addressee.
[9] R. Doc. 1-3.
[10] R. Doc. 12-1 at 1.
[11] *Id.* at 1–2.
[12] *Id.* at 2.
[13] *Id.*

Defendants also contend the capacities for the purported defendants are not identified, and there is no information describing the Equal Employment Opportunity Commission filing and the allegations contained therein.[14]

## II. ANALYSIS

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so expressly vague or ambiguous that the party cannot reasonably prepare a response." Federal Rule of Civil Procedure 12(e). The motion must state the defects in the pleading and the details desired. *Id.* Rule 12(e) provides a remedy for unintelligible pleadings and is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Dubuque Barge & Fleeting Service, Inc., v. Plaquemines Parish Gov.*, No. 10-cv-0516, 2010 WL 1710372, at *2 (E.D. La. April 23, 2010).

Here, Ms. Brown's complaint appears mainly based on gender-based discrimination, as she makes one set of allegations against Dr. Brown. However, Ms. Brown does not specify the day on which the events involving Dr. Brown occurred or any actions taken by herself or other parties, including the defendants, in relation to those acts. There are no allegations against Bricolage or Narvil. There are no race or color-based allegations. She does not describe the contents of the

---

[14] Id. at 4.

complaint lodged with the EEOC. These deficiencies, taken together, make it unreasonable for defendants to respond adequately to the complaint. An amended complaint must be filed.

## III. CONCLUSION

**IT IS ORDERED** that The Purported Defendants' Motion for a More Definite Statement (R. Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff amend her complaint within *fourteen days* consistent with this order.

New Orleans, Louisiana, this 6th day of November 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE